UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIVOKONEV PAVEL IGOREVICH,    )<br>                                                                )<br>           Plaintiff,                              )<br>                                                                )   Civil Action No. 1:25-cv-02586 (UNA)<br>v.                                                           )<br>                                                                )<br>NEW YORK                                      )<br>STATE GOVERNMENT, et al.,       )<br>                                                                )<br>           Defendants.                         ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* Application, and for the reasons discussed below, dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the Court is required to dismiss an action at any time if it determines that it is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of New York, sues the United States and the "New York State Government." *See* Compl. at 1, 5–6. He also indicates that, "[a]dditionally, numerous private corporations and entities are named as Defendants (or alternatively as co-conspirators acting in concert with government actors) for their role in facilitating or participating in unlawful conduct."

*Id*. at 7.  Plaintiff's sprawling Complaint, totaling 119 pages, is predicated on an alleged "multi-faceted conspiracy that has deprived him of fundamental rights secured by the U.S. Constitution, federal and state law, and international law."  *See id.* at 5.  Plaintiff believes that he is a target and victim of a "deeply-entrenched, multi-sectoral network," by which Defendants have used "experimental, nonconsensual . . . implanted technology," including "nanomedicine, deep brain stimulation, and experimental brain-organ-machine interfacing," to treat him as an "unclassified being."  *See id.* at 13.  As a result, Plaintiff contends that he has suffered "psychological and physical torture, and attempted murder," and that Defendants' "neurotechnological procedures" have resulted in "suspicious deaths of family members and animals, suggesting a broader pattern of intimidation and harm designed to exert control and suppress dissent."  *See id*. at 14.  He demands equitable relief and damages.  *See id.* at 11, 106–08.

As here, the Court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  The instant Complaint satisfies this standard.

Accordingly, the Complaint and this case are dismissed without prejudice. Plaintiff's other pending Motions, ECF Nos. 3, 4, 6, 7, 9, are all denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: November 13, 2025

TREVOR N. McFADDEN
United States District Judge